# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TOREY DEBERRY, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 08-3375-CV-S-RED-H |
| MARTY C. ANDERSON, Warden, | ) |
| United States Medical Center, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner filed a Motion to Withdraw. Thereafter, petitioner was granted an opportunity to file a pro se traverse. Petitioner was afforded an extension of time to file a traverse, but did not do so.

As grounds for relief in habeas corpus, petitioner alleges that his due process rights have been violated regarding disciplinary action taken against him while assigned to the Medical Center. He contends that because the charges against the two other inmates involved in the incident were dismissed for lack of evidence, the charges against him should likewise have been dismissed.

A review of the record indicates that petitioner was issued an incident report for Possession of Anything Not Authorized, Code 305. After investigation of the incident, petitioner was found

to have violated the prohibition against Conduct which Disrupts or Interferes with the Orderly Running of the Institution or BOP, Most Like, Possession of Contraband (Attempted), Code 399/305A. Specifically, he was found guilty of assisting other inmates in hiding contraband (bio-hazard bags containing approximately one gallon of liquid that had the odor of intoxicants and contained pieces of oranges and what appeared to be bread) in the trash.

Respondent asserts that, under the standard enunciated in <u>Superintendent, M.C.I. Walpole v. Hill,</u> 472 U.S. 445 (1985), the due process requirements were satisfied in this case because there was sufficient evidence for the Disciplinary Hearing Officer ["DHO"] to determine that petitioner committed the prohibited acts. It is also asserted that the sanctions that were imposed were within the province of BOP Program Statement 5270.7, <u>Inmate Discipline</u>.

Additionally, respondent contends that petitioner was provided with all of the required due process procedures as enunciated in <u>Wolff v. McDonnell,</u> 418 U.S. 539, 564-66 (1974). Specifically, respondent submits that petitioner received advanced written notice of the claimed violation, a written statement of the evidence relied upon, the findings, and the reasons for the disciplinary action taken. Respondent contends that, although petitioner was afforded the opportunity to call witnesses and have a staff representative at the hearing, he declined.

Having fully reviewed the record, the Court finds that the standard set forth in <u>Hill</u> has been met in this case. The law clearly and unequivocally requires, in a prison disciplinary hearing, that the findings of the hearing officer must be supported by "some evidence" in the record. 472 U.S. at 455-56. The Court finds that the evidence relied upon by the DHO to find the conduct violation delineated herein satisfies the <u>Hill</u> standard. Based on the Court's narrow review of internal prison affairs, it is clear in this case that there is some evidence to support the finding of a conduct violation by petitioner. In this case, staff observed petitioner on video

surveying the area and giving another inmate a signal to proceed with hiding the contraband.

Because petitioner's contentions are without merit, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
UNITED STATES MAGISTRATE JUDGE

Date:   9/4/09

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.